No. 76.—FREDERICK BAREFIELD and others, plaintiffs in error, *vs.* ISAAC BRYAN, defendant.

[1.] It is competent for all Courts to correct errors and mistakes in their own minutes, whenever the same is brought to their notice, provided the rights of third person, be not prejudiced.

[2.] Where a cause has been continued, and at tho same term, the plaintiff tenders a confession of judgment for costs, which the defendant refuses to accept, or the Court to allow, on the ground that the case had been continued, but the confession was, nevertheless, entered by the Clerk on the minutes, by the direction of the plaintiff's Attorney: *Held,* that the confession is a nullity.

[3.] A suit may be dismissed after a continuance at the same term, or during vacation.

Certiorari, in Randolph Superior Court. Decided by Judge WARREN, April Term, 1850.

Isaac Bryan commenced suit in the Inferior Court of Randolph County, against Frederick Barefield and others, as administrators of L. Barefield. At the trial term, on motion of defendants, the cause was continued; after the continuance, plaintiff's atneys wrote out a confession of judgment to the defendants for costs, with liberty of appeal; which confession, defendants refused to accept, and the Court refused to allow, upon the ground that the case had been continued for the term. By direction of plaintiff's attorney, the confession of judgment was entered upon the minutes by the Clerk. Subsequent to the continuance, at the same term, the plaintiff's attorney dismissed his case, which dismissal was entered on the docket, but not upon the minutes.

At the next succeeding term of the Court, an order was granted, reciting the foregoing facts, and adjudging the confession of judgment to be null and void, and that the case stand dismissed, as of the last term.

To this order, defendants below filed written exceptions, and upon them sued, out a writ of *certiorari* to the Superior Court. Upon hearing the *certiorari* and return, Judge WARREN overruled and dismissed the same; and this decision is assigned as error.

DEVON, for plaintiff in error, cited the following authorities:

1 *Greenlf. Evid.* §§522, 523.   3 *Phil. Evid.* 825, 834, 951, 826,

Barefield and others *vs.* Bryan.

896, 989, 995.   1 *Kelly's Rep.* 137, 138, 139, 278, 280, 475, 355. 2 *Ib.* 275, 329, 231, 236.   3 *Ib.* 78.   4 *Ib.* 48, 47, 50, 159, 101. 5 *Ga. Rep.* 527, 531, 485.   6 *Ib.* 175.   7 *Ib.* 191.   2 *Bailey*, 263, 267.   4 *Cranch*, 241.   4 *Term R.* 281.   8 *Ib.* 542.   1 *Jacob's Law Dict.* 411, 412, 413.   3 *Ib.*   5 *Ib.* 527, 396, 397, 398, 399. *Bla. Com.* 169.   3 *Ib.* 21, 22, 331.   *Tidd's Pra.* §§397, 398, 402. 2 *Chit. Pr.* 221, 219, 353, 354.   *Acts of* 1838, *p.* 14, 54.   *Cobb's Ana.* 38.   14 *Com. Law Rule.*   *Broom's Legal Maxims*, 262, 202, 97, 71, 102, 200.   *Prince's Dig.* 910, 432, 428, 172, 184, 175, 174, 428, 437, 438.

PERKINS, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Suit having been instituted in the Inferior Court of Randolph County, by Isaac Bryan against the Barefields, on a judgment from Hancock County, the defendants at the trial term, moved for a continuance, on account of the absence of material testimony; which was allowed by the Court. The plaintiff then tendered to the defendants a confession of judgment for costs, with liberty of appeal, which they refused to accept, and which the Court would not sanction. The confession was, nevertheless, entered on the minutes of the Court by the Clerk, by direction of Bryan's counsel. The plaintiff then dismissed his action; but the order of dismissal was not put on the minutes, but was noted on the bench docket. At the ensuing term, the attorney of the plaintiff presented a motion, reciting all the foregoing facts, and praying to have the order of dismissal entered *nunc pro tunc.* This application was granted. A *certiorari* was sued out to the Superior Court, to correct the error alleged to have been committed by the granting of this order, and the judgment having been affirmed by the Superior Court, a writ of error is presented to this Court.

[1.] Counsel for the plaintiff in error insists that the power of correcting errors does not belong to the Superior Court. Concede this—this is no attempt to exercise any such jurisdiction. The granting of the order was merely to supply its own omissions—to perfect its own minutes—to do that, at the July Term, 1849, which should have been done at the preceding term.

Barefield and others *vs.* Bryan.

[2.] The main ground relied on by counsel is, that the entry on the minutes of the judgment of confession, with liberty of appeal, when no appeal was prosecuted, is a final disposition of the case, and precluded any further proceedings in the premises.

In the opinion of this Court, that judgment was a nullity. It was not only done without the permission of the adverse party, but in the face of the decision of the Court refusing it. It is, therefore, no judgment; and its entry on the minutes, under these circumstances, can give it no validity.

[3.] But it is said, that if the confession of judgment came too late, the cause being continued, so also did the dismissal. But a motion to dismiss was not only in order at any time during the term, but a party is authorized by Statute to dismiss his action even in vacation, after the Court has adjourned. *Acts of* 1843, *page* 122.

Again, it is argued that the application to correct the minutes came too late. The law fixes no limit—it is difficult to prescribe one, provided the rights of third persons be not prejudiced. Whenever a Court is satisfied that its records are not in truth what they should be, and what, in legal contemplation, they are supposed to be—*the memorial of its judicial action*—they should be made so. By refusing to the plaintiff the order, his rights would have been forever barred; whereas, by sanctioning it, it only places the parties where they were. The first writ being dismissed, if it is never renewed, the defendants cannot be hurt. Should it be recommenced, however, they will be entitled to avail themselves of any defence which originally belonged to them. It is obviously, therefore, in furtherance of justice, to affirm the concurrent judgments of the other two tribunals.