## SCOTT *v.* HUGHES.

1. A paper in the usual form of a warranty deed, but containing a clause providing that should the grantor pay to the grantee a stated sum of money by a given date, the instrument "shall be void, otherwise in full force," is a mortgage, and not a deed.
2. A city court has no jurisdiction to foreclose a mortgage on realty.
3. A judge of a court of record may of his own motion, when approving the minutes at the close of the term, expunge therefrom a judgment which the court is, as to the subject-matter, without jurisdiction to render.

Submitted January 24,—Decided February 19, 1906.

Complaint. Before Judge Harwell. City court of LaGrange. March 27, 1905.

Mrs. Scott brought suit in the city court against Hughes and his wife, alleging that Mrs. Hughes as principal, and Hughes as security, were indebted to her in the sum of $250 principal, "for money had and received, as shown by a deed or contract" attached to the petition. The plaintiff prayed for a general judgment, and for a special lien on the property described in the paper above referred to. The paper exhibited with the petition was in the form of an ordinary warranty deed, in which Mrs. Hughes purported to convey to Mrs. Scott a described parcel of land, but it contained, immediately following a description of the land and immediately preceding the habendum and tenendum clause, the following: "It is hereby agreed that should Mrs. Ada Hughes pay to Mrs. F. L. Scott ($275.00) two hundred and seventy-five dollars by December 1, 1902, this instrument shall be void, otherwise in full force."

The attestation clause recited that Mrs. Hughes hereunto set her hand, etc. The paper was signed by both Mrs. Hughes and her husband, and attested by two witnesses, one of them a notary public. Mrs. Hughes was served, and there was a return of non est inventus as to Hughes. Mrs. Hughes filed an answer, in which she denied each and every allegation in plaintiff's petition; and for further plea alleged that the debt sued on was the debt of her husband, and further, that the deed attached to the petition was void for usury, the amount of the usury being set out in the plea. The case was submitted to a jury, who returned a verdict in favor of the plaintiff for $250 principal, $28 interest, and costs of suit, there being nothing in the verdict in reference to the claim of special lien set up in the petition. Upon this verdict counsel for the plaintiff drafted a judgment in favor of the plaintiff for the amount specified in the verdict, declaring that the plaintiff should have a special lien on the land described in the paper attached to the petition. This judgment was handed to the clerk, who entered it on the minutes of the court. Subsequently, and during the term, the judge examined the minutes, and made the following entry thereon: "Examined and approved, with this exception: In the judgment of Mrs. F. L. Scott v. Mrs. Ada Hughes and C. J. Hughes, the part therein entering a special lien against the property therein described is stricken from said judgment, and the minutes with this correction are approved." Counsel for Mrs. Scott excepted to this order of the judge correcting the minutes, and in a bill of exceptions bringing the case to this court assigns error upon this order, the error assigned being, that the paper relied on by the plaintiff was a deed entitling her to a special lien; that the pleadings authorized a special lien, the defendant not having questioned the plaintiff's right by plea or otherwise, and it was too late after verdict to raise the question; that the attorney of record has the right to sign a judgment in accordance with the pleadings, and the court has no authority to strike the judgment so signed up.

*E. T. Moon,* for plaintiff. *D. J. Gaffney,* for defendant.

Совв, P. J. (After stating the foregoing facts.) It is often a question difficult of solution as to whether a paper executed for the purpose of securing the payment of a debt passes title to the grantee, or is a mere mortgage. In *Burkhalter* v. *Planters Bank,*

100 *Ga.* 432, Mr. Justice Atkinson said: "The test then whether an instrument be a deed or mortgage is necessarily whether the interest acquired by the holder of an instrument is such an interest as can be extinguished by the voluntary act of the debtor alone. If it can be, the instrument is defeasible, and does not pass . . an absolute title." The ordinary mortgage is usually in the form of a conveyance of an absolute title, but with a defeasance clause added. That the defeasance clause is not in the usual form or usual place does not make it any the less a defeasance clause. It is distinctly provided in the paper in question that if the amount which is specified as the consideration of the deed is paid by a given date, the instrument "shall be void, otherwise in full force." The language of this deed as to what will operate to defeat it is almost in terms the defeasance clause usually found in a technical mortgage. The paper was a mortgage, and not a deed. See *Ward* v. *Lord,* 100 *Ga.* 407; *Lubroline Oil Co.* v. *Athens Bank,* 104 *Ga.* 380.

The paper relied upon by the plaintiff to obtain the special lien not being a deed, the city court had no jurisdiction to enter a judgment to that effect. Treating it as a mortgage, that court was without jurisdiction. A city court has no jurisdiction to foreclose a mortgage on realty. Such an instrument must be foreclosed in the superior court, either by following the statutory procedure, or by appealing to the equity powers of that court. The verdict did not purport to find in favor of a specific lien. If the pleadings had disclosed a case in which the court had jurisdiction to enter a special lien in favor of the plaintiff, a general finding of the character now involved might probably have authorized the court to enter a judgment in accordance with the prayers of the petition. But certainly such a general finding would not authorize a judgment to be entered up which it was apparent from the face of the pleadings the court was without jurisdiction to render. It is true that an attorney of record may enter up a judgment on a verdict, but his right to enter up a judgment which will be binding upon the defendant, and which the court will be bound to recognize, is subject to two limitations: first, the judgment must be in accordance with the verdict and pleadings; and second, the court must have jurisdiction to enter the judgment which the pleadings call for. If the judgment which the attorney prepared had been submitted to the judge before it was handed to the clerk, no one would

Ga.)         OCTOBER TERM, 1905.         1003

for a moment question the right of the judge to strike that portion of the judgment which purported to set up a special lien upon the land. This being true, when the judge proceeded to examine the minutes, preparatory to approving the same as the truth of the proceedings in his court, we see no good reason why in his order of approval he could not eliminate from the minutes that portion of the judgment which was improperly there, for the reason that the court was without jurisdiction to enter such a judgment. The power of a judge of a court of record to correct the minutes of his court is very broad, even in those cases where he is dealing with matters within his jurisdiction. Civil Code, §4047, par. 6. *Doves* v. *Barker,* 1 *Ga.* 559; *Barefield* v. *Bryan,* 8 *Ga.* 463. If a judge has power to correct the minutes of his court in reference to matters within his jurisdiction, certainly he has power during the term to expunge from his minutes that which purports to be a judgment which his court is without jurisdiction to render.

*Judgment affirmed. All the Justices concur.*