HILL, executor, *et al. v.* SMITH.

The instrument in question, which is in all respects in form of a security deed passing title and executed to secure a debt, having a caption denominating it a "warranty deed" and in the body referring to it as a "deed," with the usual habendum and attesting clauses, is a deed and not a mortgage, notwithstanding the fact that it contains the clause, "it is further understood and agreed that when said note together with all accrued interest and cost shall have been fully paid, this deed is to become void, and the clerk of the superior court of Barrow County is hereby granted authority to cancel as of record."

No. 5477. OCTOBER 15, 1926.

Dower, etc. Before Judge Stark. Barrow superior court. May 28, 1926.

Mrs. Emma N. Smith, as the widow of Green W. Smith, made application for dower. Her application was contested. On the trial evidence was introduced showing that the deceased husband, prior to his death, had borrowed money and executed the following instrument:

"Warranty Deed. Georgia, Barrow County. This indenture, made this 1st day of February in the year of our Lord, one thousand nine hundred and twenty-one, between G. W. Smith of the County of Barrow and State of Georgia of the first part, and W. A. Hill of the County of Barrow and State of Georgia of the second part, witnesseth that the said party of the first part, for and in

Mortgages, 41 C. J. p. 318, n. 97.

consideration of the sum of thirty-five thousand ($35,000.00) dollars in hand paid at and before the sealing and delivery of these presents, receipt whereof is hereby acknowledged, has granted, bargained, and sold and conveyed, and by these presents does grant, bargain, sell, and convey unto the said party of the second part, his heirs and assigns, all that tract or parcel of land lying and being in the County of Barrow, said State, to wit: A certain tract or parcel of land lying and being in the County of Barrow, formerly known as the old home place of G. W. Smith, more particularly described as follows [description omitted]: This deed is given to secure a loan for $35,000.00, as is evidenced by a note for like amount bearing even date with this deed and due February 1st, 1926, with 8% interest per annum, payable annually, with the privilege of paying the principal and all accrued interest at any time after twelve months from this date; and it is further understood and agreed that when said note together with all accrued interest and costs shall have been fully paid, this deed is to become void and the clerk of the superior court of Barrow County is hereby granted authority to cancel this deed as of record. To have and to hold the said bargained premises, together with all and singular the rights, members, and appurtenances thereof to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of said party of the second part, his heirs, executors, administrators, and assigns, in fee simple. And the party of the first part, his heirs, executors, and administrators, the said bargained premises unto the said party of the second part, his heirs, executors, and administrators and assigns, against said party of the first part, his heirs, executors, and administrators, and all and every other person or persons, shall and will warrant and forever defend by virtue of these presents. In witness whereof, the said party of the first part has hereunto set his hand and affixed his seal, the day and year first above written. [Signed] G. W. Smith (Seal). Signed, sealed, and delivered in the presence of J. E. Hill, L. A. House, N. P., Barrow County, Georgia."

The commissioners undertook to determine and assign a sum of money in lieu of dower, to be derived from the sale of designated portions of land conceded by all parties to be included in the above-quoted security deed, basing the same on the finding that G. W.

Smith had died seized and possessed of such land. The court construed the above-quoted instrument to be a mortgage and not a deed, and accordingly held that the deceased husband died seized and possessed of the land in question, and that the land was subject to dower rights of the applicant; and further ordered that the return of the commissioners be made the judgment of the court, that the land described in the return of the commissioners be sold and that the proceeds thereof be paid to the applicant in preference to all other claims. The exception is to this judgment, and it is agreed by all parties that the decision of the case is determined and controlled by a construction of the security instrument.

*Pemberton Cooley, G. A. Johns, J. C. Pratt,* and *J. D. Quillian,* for plaintiffs in error.

*H. H. Chandler,* contra.

GILBERT, J. The defendant in error insists that the rule is as follows: "The test, then, whether an instrument be a deed or mortgage is necessarily whether the interest acquired by the holder of an instrument is such an interest as can be extinguished by the voluntary act of the debtor alone. If it can be, the instrument is defeasible, and does not pass . . absolute title," etc. She contends that the terms of this instrument bring it within the general rule, and that the instrument will be construed to be a mortgage. This general rule was applied in the following decisions of this court: *Frost* v. *Allen,* 57 *Ga.* 326; *Pirkle* v. *Equitable Mortgage Co.,* 99 *Ga.* 524 (28 S. E. 34); *Scott* v. *Hughes,* 124 *Ga.* 1000 (53 S. E. 453); *Burckhalter* v. *Planters Bank,* 100 *Ga.* 428 (28 S. E. 236); *Sims* v. *Jones,* 158 *Ga.* 384 (123 S. E. 614). On the other hand the plaintiffs in error insist that the instrument with which we are dealing in this case is a security deed, passing title, and that the interest is not such *"as can be extinguished by the voluntary act of the debtor alone."* They point out the provision in the instrument, that when the debt has been fully paid, "this deed is to become void, and the clerk of the superior court is hereby granted authority to cancel as of record."

The instrument to be construed in this case is strikingly similar to the instrument construed in *Pitts* v. *Maier,* 115 *Ga.* 281 (41 S. E. 570). The words are not exactly the same; but when we consider the effect placed upon the words in that case, we are forced to the conclusion that the meaning is the same. In that

case the instrument contained the words, "reconveyance of said property to be made upon fulfillment of all the conditions of this instrument." In that case it was contended that the words just quoted determined the character of the instrument to be that of a mortgage.. It will be seen by what was said in the opinion written by Mr. Presiding Justice Lumpkin, that the rule applied in *Frost* v. *Allen* and *Pirkle* v. *Mortgage Co.,* supra, was modified. The court expressly overruled the two former cases in so far as anything said in them conflicted with the latter case. In the opinion it was said: ."A·stipulation for an actual reconveyance upon payment of the secured debt is, for all practical purposes and in essence, the same as a stipulation for surrender and cancellation which shall under a statute operate as a reconveyance. The end to be accomplished is, in each instance, precisely the same, the only difference being as to the method to be employed for accomplishing the desired result, viz.: that the title which has passed from the debtor to the creditor shall go back to the former. Were we, therefore, to adhere to the ruling made in the *Pirkle* case, we would be constrained to hold that the paper on which we are now called upon to pass was a mere mortgage. The decision therein is, however, under review, and we are fully satisfied of its unsoundness. Indeed, we were much disposed to take this view soon after it was rendered. See the comment made thereon by Mr. Justice Cobb in the case of *Williamson* v. *Insurance Co., 100 Ga.* 794 [28 S. E. 914]. In passing the act of November 12, 1889 (Acts of 1889, p. 118), the General Assembly was expressly undertaking to deal with instruments which actually passed title to property for the purpose of securing the payment of debts. The subject-matter of the legislation was deeds, not mortgages; and the only object of the statute was to substitute for a formal reconveyance of title a mere surrender and cancellation of the instrument executed by the debtor, the cancellation to be entered of record by the clerk of the superior court 'in the same manner that cancellations of mortgages are now entered.' See Civil Code, § 2774, which sets forth the provisions of this act. The legislative purpose was not to provide for the cancellation of liens, but for the reconveyance of title. We therefore made a grave mistake in holding that a stipulation in a security deed for the cancellation and surrender thereof in accordance with the statute just men-

tioned was the 'equivalent of such a defeasance clause as is usually inserted in a mortgage, and that, as a consequence, a deed manifestly designed to pass title became a mere mortgage. This is our first opportunity to correct this mistake, and we do so by overruling the decision in the *Pirkle* case to the extent here indicated. The decision rendered in the case of *Frost* v. *Allen,* 57 *Ga.* 326, is likewise under review; and in so far as it conflicts with what is now laid down, it also is overruled."

We reach the conclusion, based upon the reasoning in the case of *Pitts* v. *Maier,* that the instrument is a deed. In addition to what was said in that case, there are other reasons which lead us to that conclusion. One is from reading Civil Code (1910) § 3306, which is as follows: "Whenever any person in this State conveys any real property by deed to secure any debt to any person loaning or advancing said vendor any money, or to secure any other debt, and shall take a, bond for titles back to said vendor upon the payment of such debt or debts, or shall in like manner convey any personal property by bill of sale and take an obligation binding the person to whom said property is conveyed to reconvey said property upon payment of said debt or debts, such conveyance of real or personal property shall pass the title of said property to the vendee till the debt or debts which said conveyance was made to secure shall be fully paid, and shall be held by the courts of this State to be an absolute conveyance, with the right reserved by the vendor to have said property reconveyed to him upon payment of the debt or debts intended to be secured agreeably to the terms of the contract, and not a mortgage." It will be noted that this code section as originally enacted contemplated the taking of a bond for title binding the grantee or creditor to reconvey the property to the debtor upon the full payment of the debt, and declared that "such conveyance of real or personal property shall pass the title of said property to the vendee till the debt or debts which said conveyance was made to secure shall be fully paid." But the legislature, not content with that declaration, followed it, in immediate connection, with the following words: "and shall be held by the courts of this State to be an absolute conveyance," etc. The statute so remained for many years until, in 1924, the General Assembly amended it by providing, "no bond to reconvey shall be necessary where such deed shows upon its face that

it is given to secure a debt." Park's Ann. Code Supp. 1926, § 3306. The instrument in the present case, on its face, recites: "This deed is given to secure a loan of $35,000.00, as is evidenced by a note for a like amount, bearing even date with this deed," etc. Here it will be noted that twice in the same sentence the instrument is denominated a "deed." Moreover, the caption is, "Warranty Deed, Georgia, Barrow County: This indenture," etc. The habendum clause contains the usual language found in deeds, to wit: "To have and to hold," etc., as well as the usual warranty clause, the attestation clause, and the attestation as for a deed. Thus it will be seen that the maker of the deed executed an instrument in perfect harmony with the usual form of deeds and quite unlike the usual form of mortgage, and in addition denominated it a deed in the caption, and throughout the body of the instrument. Clearly, therefore, it would seem that the grantor thought he was executing a deed, and it is altogether unlikely that the idea ever occurred to him that the provision in the deed as to the payment of the debt and the deed becoming void and the authority of the clerk to cancel same on the record would convert that which he called a deed into a mortgage. We think we are not only authorized but forced to draw the conclusion that the parties intended the instrument in question to be a deed. If there is a doubt on the question, we must turn to the rule applicable in cases of doubt. Our Civil Code (1910), § 4266, declares: "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." In the present case the intention is clear, and such intention contravenes no rule of law. Sufficient words are used in the deed for the ascertainment of the intention of the parties, and it is our duty to enforce that intention, "irrespective of all technical or arbitrary rules of construction."

The instrument with which we are dealing was executed prior to the passage of the act of 1924, and for that reason it may be said that the act should not enter into the determination of the question. Our conclusion has been reached irrespective of the act, but the act is mentioned to show that the General Assembly were

cognizant of the decision in *Pitts* v. *Maier,* and therefore knew that the provision for a reconveyance, in the Code, § 3306, was wholly immaterial and determined nothing as to the character of the instrument. It should be noted also that the General Assembly in 1889 (Ga. Laws, 1889, p. 118) passed the following statute, which is now Civil Code (1910) § 3309: "In all cases where property is conveyed to secure a debt, the surrender and cancellation of such deed in the same manner that mortgages are now cancelled, on payment of such debt to any person legally authorized to receive the same, shall operate to reconvey the title of said property to the grantor, his heirs, executors, administrators, or assigns, and such cancellation may be entered of record by the clerk of the superior court in the same manner that cancellations of mortgages are now entered." Certainly after the passage of the act of 1889, even before the passage of the act of 1924, the distinction between mortgage and security deed could not be placed upon the principle applied in *Frost* v. *Allen* and *Pirkle* v. *Mortgage Co.* Having reached the conclusion that the instrument was a deed and not a mortgage, it follows that G. W. Smith did not die seized and possessed of the land, and accordingly that the land was not dowerable in this case. *McPhaul* v. *McPhaul,* 150 *Ga.* 486 (104 S. E. 241).

*Judgment reversed. All the Justices concur, except Atkinson and Hill, JJ., who dissent.*

ATKINSON, J., dissenting. The distinguishing feature in this instrument is the clause "that when said note together with all accrued interest and costs, shall have been fully paid, this deed is to become void, and the clerk of the superior court of Barrow County is hereby granted authority to cancel this deed of record." As the so-called deed is to become *void* by payment of the note, payment will completely extinguish all interest of the grantee under this instrument, and consequently the clause is a defeasance clause.

In *Scott* v. *Hughes,* 124 *Ga.* 1000 (supra), decided by all the Justices, it was held: "A paper in the usual form of a warranty deed, but containing a clause providing that should the grantor pay to the grantee a stated sum of money by a given date, the instrument 'shall be void, otherwise in full force,' is a mortgage, and not a deed." In the opinion it was said by Presiding Justice

Cobb.: "It is often a question difficult of solution as to whether a paper executed for the purpose of securing the payment of a debt passes title to the grantee, or is a mere mortgage. In *Burckhalter* v. *Planters Bank,* 100 *Ga.* 432 (supra), Mr. Justice Atkinson said: 'The test, then, whether an instrument be a deed or mortgage is necessarily whether the interest acquired by the holder of an instrument is such an interest as can be extinguished by the voluntary act of the debtor alone. If it can be, the instrument is defeasible, and does not pass . . an absolute title.' The ordinary mortgage is usually in the form of a conveyance of an absolute title, but with a defeasance clause added. That the defeasance clause is not in the usual form or usual place does not make it any the less a defeasance clause. It is distinctly provided in the paper in question that if the amount which is specified as the consideration of the deed is paid by a given date, the instrument 'shall be void, otherwise in full force.' The language of this deed as to what will operate to defeat it is almost in terms the defeasance clause usually found in a technical mortgage. The paper was a mortgage, and not a deed. See *Ward* v. *Lord,* 100 *Ga.* 407 [28 S. E. 446]; *Lubroline Oil Co.* v. *Athens Bank,* 104 *Ga.* 380 [30 S. E. 409]." All of the foregoing is plainly applicable. to the question now for decision, and is sufficient to require a ruling that the instrument under consideration is a mortgage, and not a deed.

In the recent case of *Sims* v. *Jones,* 158 *Ga.* 384 (supra), decided by all the Justices of this court as now constituted, it was held: "Where an instrument is executed and made payable in the State of North Carolina between citizens of that State, which is in the form of a deed conveying standing timber in this State, to secure a debt, but which has a defeasance clause declaring the instrument null and void on the payment by the debtor of the sum due, such instrument under the law of Georgia is a mortgage and not a deed, and does not convey the title to the timber, but creates a lien thereon." It was said in the opinion by Mr. Justice Hill: "The instrument under consideration, while purporting in one portion of it to convey the title, has a defeasance clause in the following language: 'Provided, however, that if the parties of the first part, or their legal representatives, shall pay over to the party of the third part, or to its assigns, the full sum of $21,300,

according to the terms and conditions named in the note hereby secured, then and in that event this deed shall be utterly null and void; but if default shall be made in the payment of said note at maturity, or at such time thereafter as may be agreed upon by the parties in writing, then and in that event it shall be lawful, and the party of the second part, demand having been made upon him by the holder of said note, shall proceed to sell the property hereby conveyed at public outcry at the court-house door. . .' In such a case it has been held that such an instrument is a mortgage and not a deed, and does not convey the title. *Loftis* v. *Alexander*, supra; *Burckhalter* v. *Planters Bank*, 100 *Ga.* 428, 432 (28 S. E. 236) ; *Scott* v. *Hughes*, 124 *Ga.* 1000 (53 S. E. 453)." After saying this much, the opinion proceeds by quoting approvingly the above excerpt from the decision in *Scott* v. *Hughes*, supra. The test laid down in the foregoing decisions for determining the character of the instrument clearly distinguishes those cases, and the case now under consideration, from the case of *Pitts* v. *Maier*, 115 *Ga.* 281 (supra), in which the instrument involved contained the clause, "reconveyance of said property to be made upon fulfillment of all the conditions of this instrument." This clause shows that title was intended to pass, otherwise there would be nothing to "reconvey;" also that the grantee would be required to do something in order to place the title back in the grantor. There is no conflict in principle in the cases, but only different results from application of the same principles to instruments that differed essentially. The principle was also recognized in *Penton* v. *Hall*, 140 *Ga.* 235, 238 (78 S. E. 917), where it was said: "It was provided that any increase in personalty should become the property of Penton, the vendor, 'until the notes and obligations herein specified of said parties of the second part are paid in full.' This form of words, containing a provision that property which had never belonged to the creditor should be his until the notes were paid, was appropriate for the creation of a mortgage." See also McCurry *v.* Hartwell Bank, 236 Fed. 556 (2).

HILL, J., concurs in the foregoing dissent.