19744. GRADY *v.* T. I. HARRIS INCORPORATED.

DECIDED FEBRUARY 13, 1930.

*E. F. Goodrum,* for plaintiff in error.

*Marlin, Martin & Snow,* contra.

STEPHENS, J.   A written instrument which by its terms passes title from vendor to vendee as security for a debt and which contains no defeasance clause is a deed or bill of sale to secure a debt, and is not a mortgage.   The title conveyed thereunder does not automatically revert to the vendor on payment of the debt, but continues thereafter in the vendee, and is not divested until the performance of some act, as a reconveyance from the vendee to the vendor, or the cancellation and surrender of the instrument by the vendee as required by statute.   Civil Code (1910), §§ 3270, 3309. Where, however, a written instrument which purports to be a bill of sale passing title as security for a debt contains a defeasance clause, the instrument is, by virtue of the defeasance clause, a mortgage, and, being a mortgage, the title, which under the language of the instrument purports to pass, does not pass to the vendee.   Civil Code (1910), § 3306.   As to the distinction between the two instruments, see *Burckhalter* v. *Planter's &c. Bank,* 100 *Ga.* 428, 432-433 (28 S. E. 236) ; See also *Ward* v. *Lord,* 100 *Ga.* 407 (28 S. E. 446) ; *Scott* v. *Hughes,* 124 *Ga.* 1000 (53 S. E. 453) ; *Dewit* v. *Bozeman,* 17 *Ga. App.* 666 (87 S. E. 1100).

While, by section 3306 of the Civil Code of 1910, as amended by an act approved August 18, 1924 (Ga. L. 1924, p. 56), it is provided that a bill of sale to secure a debt passes the title from the vendor "till the debt or debts which said conveyance was made to secure shall be fully paid, and shall be held by the courts of this State to be an absolute conveyance, with the right reserved by the vendor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured agreeably to the terms

of the contract, and not a mortgage," yet, since it effects an absolute conveyance of the title, with the "right reserved" in the vendor to have it reconveyed to him on payment of the debt, it is a bill of sale and not a mortgage, and the title which has been put into the vendee can not, upon the mere payment of the debt, automatically revert to the vendor. This is true notwithstanding it is provided by this code-section that the effect of such an instrument is to put the title into the vendee "till the debt or debts which said conveyance was made to secure shall be fully paid." This provision in the code-section can not be construed as operating, on the mere payment of the debt, to divest the title which, by a bill of sale as provided by the code-section, has passed from the vendor to the vendee, with the right reserved in the vendor to a reconveyance of the title to him on the vendee's payment of the debt, but must necessarily be construed as giving to the vendee only the *right* to retain the title as security for the debt until the debt is paid, and as operating to terminate this right and to cast on the vendee the obligation, after the debt has been paid, to reconvey the property to the vendor. See also Civil Code (1910), § 3318. If the title becomes divested from the vendee upon the mere payment of the debt, the instrument created is only a mortgage, and is not a bill of sale to secure a debt and an instrument passing title as provided under section 3306 of the Civil Code of 1910, supra.

Although an instrument may on its face be denominated a bill of sale passing the title to personalty to secure a debt, as provided in section 3306 of the Civil Code of 1910, yet where it contains a provision that the title thus conveyed is "put" into the vendee *"until the above-named indebtedness is paid in full,"* this provision, by its very terms, terminates the title in the vendee, on payment of the debt, and therefore operates as a defeasance of the title upon the happening of the event named. The title thus purporting, by the terms of the instrument, to pass automatically on payment of the debt, reverts to the vendor, and there is no necessity, after the payment of the debt, for any further action in order to revest the title in him. The instrument is therefore a mortgage only; and, it being a mortgage, as a matter of law no title passes, and, notwithstanding the provision expressly passing title to the vendee until the debt is paid, only a lien on the property as security for the debt is created. Civil Code (1910), § 3256.

The plaintiff having instituted, in the municipal court of Macon, a suit in trover, and, in support of his title, relied on an instrument purporting to be a bill of sale to secure a debt, which was offered in evidence, but which, by virtue of a provision therein which recites that it puts the title into the plaintiff "until the indebtedness is paid in full," is a mortgage only and passes no title to the plaintiff, the court erred, over objection by the defendant that it was irrelevant as not showing title in the plaintiff, in admitting the instrument in evidence. The judge of the superior court erred in not sustaining the certiorari sued out by the defendant.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*