## 21562. CAMP v. TEAL.

STEPHENS, J. 1. A conveyance of real property, which recites that it is given for the purpose of indemnifying the grantee against loss resulting from an outstanding "mortgage" upon other property which the same grantor had conveyed to the same grantee, which contains no habendum clause and which provides that when the mortgage referred to is paid, "then this deed shall be null and void," and which further provides that when this mortgage is paid "this deed shall become null and void and cancelled on the record and surrendered to" the grantor, is not a security deed passing title to the grantee, but is a mortgage only. Whatever title, if any, may, by the terms of this deed, have been conveyed to the grantee named would, by the terms of the deed, terminate upon the deed's becoming null and void on payment of the mortgage indebtedness referred to therein, and the title then, by the terms of the deed, would revert to the grantor. This is true notwithstanding the clause in the deed, that upon the payment of the mortgage debt "this deed shall become null and void and cancelled on the record and surrendered to" the grantor, may not amount to a defeasance. *Grady* v. *Harris Inc.*, 41 *Ga. App.* 111 (151 S. E. 829), and cit. The cases of *Hill* v. *Smith*, 163 *Ga.* 71 (135 S. E. 423) and *Pitts* v. *Maier*, 115 *Ga.* 281 (41 S. E. 570), where it was held that the instruments under review were deeds to secure debt, passing title, and were not mortgages, are distinguishable. In the former case the deed was described as a "warranty deed," and, although it recited that it was given to secure a debt, it provided that the grantee was to hold the premises "in fee simple," and the provision in the deed with reference to the rights of the parties, which were determinable on payment of the debt, was that upon the payment of the debt the deed would "become void *and the clerk of the superior court of [the county] is hereby granted authority to cancel this deed as of record.*" (Italics ours.) In the latter case the deed recited that it was to be "construed as a deed passing title, and not as a mortgage," and that "reconveyance of said property" was "to be made upon fulfillment of all the conditions of this instrument."

2. This being a suit by the mortgagee against the mortgagor to recover damages alleged to have been sustained by the plaintiff, resulting to him from the foreclosure of the mortgage upon the other property which he had bought from the mortgagor and against which loss the mortgage under consideration was given to indemnify him, wherein the plaintiff sought a general judgment against the defendant and a special lien upon the property to secure the payment of the judgment, and in which the defendant pleaded as against the debt a discharge in bankruptcy, and, as against the establishment of a special lien upon the property, a homestead in the property set aside to him by the bankrupt court, and while it appeared, from uncontradicted evidence, that the debt was dischargeable in bankruptcy, it appeared also from uncontradicted evidence that the plaintiff was entitled to a special lien, subject to the homestead, upon the property mortgaged, the verdict found for the plaintiff in a stipulated amount, to be enforced only against the property mortgaged, was properly directed, and the judgment to the same effect upon the verdict was not error. The judgment overruling the defend-

ant's motion for a new trial is affirmed, but direction is given that the judgment provide that the lien upon the property and the enforcement of the plaintiff's judgment shall be subject to the homestead. *Gresham* v. *Johnson,* 70 *Ga.* 631; *Rutledge* v. *McFarland,* 75 *Ga.* 774; *Derrick* v. *Sams,* 98 *Ga.* 397 (25 S. E. 509, 58 Am. St. R. 309); *Rathel* v. *Fort,* 134 *Ga.* 268 (67 S. E. 417).

*Judgment affirmed with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1932.

*Lamar Camp,* for plaintiff in error. *Astor Merritt,* contra.