YOUNG *v.* HIRSCH, trustee, *et al.*

No. 12294.   OCTOBER 11, 1938.

*J. F. Kemp,* for plaintiff in error.

*Harold Hirsch, Marion Smith, Julian E. Gortatowsky, Mc-Elreath, Scott, Duckworth & DuVall,* and *William Hart Sibley,* contra.

4

6

8

Russell, Chief Justice. 1. The first count of the petition stated a cause of action for the relief sought, on the theory of a mutual mistake of fact. "In all cases of a mistake of fact material to the contract or other matter affected by it, if the party complaining applies within a reasonable time, equity will relieve." Code, § 37-206. "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." § 37-212. It does not appear from the allegations of this count of the petition that the petitioners were guilty of "that want of reasonable prudence the absence of which would be a violation of a legal duty," and it does appear that the "other party has not been prejudiced thereby." The court did not err in overruling the general demurrer to count 1 of the petition.

2. The second count of the petition stated a cause of action predicated on the theory of a mistake of fact on the part of the plaintiffs and fraud on the part of the defendant. "Concealment of material facts may in itself amount to a fraud . . where one party knows that the other is laboring under a delusion with respect to the property sold or the condition of the other party, and yet keeps silent." Code, § 96-203. Under the allegations contained in the second count, the defendant, with full knowledge that the principal debt secured by a deed to the real estate involved in this litigation was $5500, and knowing that the plaintiffs were "laboring under a delusion" that such amount was only $5000, kept silent and made payment of only the smaller amount, and procured a cancellation of the deed by which the $5500 indebtedness was secured. The court did not err in overruling the general demurrer to count 2.

3. Under the pleadings and the evidence the court did not err in giving in charge to the jury the definition of fraud embodied in the Code, § 37-702.

4. Nor did the court err, for any reason assigned, in charging the jury that "if there was a mutual mistake between these parties as to the amount of the debt due to the plaintiffs in this case, that is to say, that both of them were mistaken about it, just a mistake involving both sides, the plaintiffs would have the right to an adjustment and have a right to the relief they are seeking, unless they were guilty of such negligence as, in your opinion, would deny them the right to recover."

5. The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*