J. KUNIANSKY INC. *et al. v.* WARE; *et vice versa.*

Nos. 13614, 13624. JUNE 14, 1941. REHEARING DENIED JULY 8, 1941.

*Carter, Stewart & Johnson* and *Madison Richardson,* for plaintiffs.

*Durwood T. Pye,* and *Paul H. Butler,* for defendant.

ATKINSON, Presiding Justice. The plaintiffs sought, among other things, the equitable relief of rescission relating to sale of real estate, the alleged ground for relief being mistake of the plaintiffs as to the identity and location of the property, induced by the acts and representations of the seller's agent amounting to fraud, "constructive, if not actual." The preliminary contract of purchase and sale described the property as being in the County of Fulton, and more particularly described as the southeast corner of Wieuca Road and "Old Ivy Road," with stated dimensions, "the land lot and more definite description to be written in." The description as thus given was in conformity with the plaintiffs' understanding. Afterwards a deed was executed to the plaintiff corporation as purchaser, in which deed the property was described in substantially the same language as that contained in the preliminary contract, except that the description was made more complete by stating that the land was situated in "land lot 64 of the 17th district of Fulton County," and instead of using the name "Old Ivy Road" as part of the description, the name "Ivy Road" was used. There was more than one road having in its name the word "Ivy" and that intersected Wieuca Road, and the seller owned the tract of land described in the deed, but did not own the tract described in the preliminary agreement, which was at a different location, and was the tract which the purchaser intended to buy and thought it was buying. *Held:*

1. "Equity will not reform a written contract, unless the mistake is shown to be the mistake of both parties; but it may rescind and cancel upon the ground of mistake of fact material to the contract of one party only." Code, § 37-207. Equity will grant appropriate relief for a mistake of fact by one party, accompanied by fraud on the part of the other, just as in cases where there is mutual mistake. *Lynch Enterprise Finance Corporation* v. *Realty Construction Co.,* 176 *Ga.* 700 (2) (168 S. E. 782). The petition, alleging facts substantially as indicated above, and not showing such negligence by the plaintiffs as would necessarily, and as a matter of law, bar equitable relief, and not disclosing other defense, and containing an offer to do equity to the extent of restoring the

status, stated a cause of action for the equitable relief of rescission. The court did not err in overruling the grounds of general demurrer addressed to the petition as a whole. *Werner* v. *Rawson,* 89 *Ga.* 619 (2) (15 S. E. 13); *Gabbett* v. *Hinman,* 137 *Ga.* 143 (72 S. E. 924); *Cohron* v. *Woodland Hills Co.,* 164 *Ga.* 581 (139 S. E. 56); *Crim* v. *Alston,* 169 *Ga.* 852 (151 S. E. 807); *Young* v. *Hirsch,* 187 *Ga.* 1 (199 S. E. 179).

2. "Accord and satisfaction is where the parties by a subsequent agreement have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Code, § 20-1201.

(*a*) Whether an agreement amounting only to an accord may be enforced by suit, the petition considered with the copies of letters attached did not show such a definite and unconditional agreement in the nature of an accord as would constitute a complete contract; and for this reason the court erred in not sustaining the grounds of special demurrer assailing the plaintiffs' allegations and prayer seeking enforcement of the alleged agreement for rescission. See Code, §§ 20-101, 20-108; *Lowry* v. *Sloan,* 51 *Ga.* 633 (2); *Brunswick & Western Railway Co.* v. *Clem,* 80 *Ga.* 534 (4) (7 S. E. 84); *Long* v. *Scanlan,* 105 *Ga.* 424 (2) (31 S. E. 436); *Guerney Heater Manufacturing Co.* v. *Woods,* 34 *Ga. App.* 260 (129 S. E. 119); *Redman* v. *Woods,* 42 *Ga. App.* 713 (157 S. E. 252); *Campbell Coal Co.* v. *Pano,* 51 *Ga. App.* 232 (180 S. E. 139); 1 C. J. S. 543, § 38.

(*b*) The case differs on its facts from *Woodall* v. *Williams,* 176 *Ga.* 343 (167 S. E. 886), where the instrument sued on was a definite and complete contract, settling conflicting claims to property.

3. "If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve." Code, § 37-211. "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence, the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." § 37-212. The charge to the jury was not erroneous, as contended, on the ground that the two

principles just quoted were inconsistent and conflicting. The latter principle is a mere amplification of the former, with an exception in the sentence, "Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." The statement of the general rule, together with such exception, did not reasonably tend to mislead or confuse the jury, and therefore did not afford ground for a new trial. *Werner* v. *Rawson,* supra.

4. The court charged the jury as follows: "I charge you, gentlemen, that the duty rested upon J. Kuniansky Inc., in entering into this transaction, to exercise diligence to protect its own interests. The amount of diligence which the law requires to be exercised in such case is that diligence which is ordinary and reasonable under the circumstances. If that degree of diligence was exercised, the legal requirement as to diligence would be complied with. If that degree of diligence was not exercised, the plaintiffs would not be entitled to the relief sought in this case." The movants contended this charge was error, for the reason that under such charge the purchaser would be barred by negligence in protecting its own interest, whereas this would not be true unless such negligence amounted to a violation of duty to the seller and resulted in prejudice to him. *Held,* that the charge amounted to an instruction that in no event would the plaintiff be entitled to rescission unless it exercised that degree of diligence which is reasonable and ordinary under the circumstances, and thus necessarily excluded the principle that "Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." The charge was erroneous as contended, and under the pleadings and the evidence the error required the grant of a new trial. Compare *Green* v. *Johnson,* 153 *Ga.* 738 (5) (113 S. E. 402); *Dollar* v. *Fred W. Amend Co.,* 184 *Ga.* 432, 437 (191 S. E. 696). Under the evidence it can not be held as a matter of law either that the prejudice, if any, sustained by the seller was beyond repair, or that the plaintiffs' offer to restore the status was insufficient. The ruling here made is not in conflict with the decision in *Keith* v. *Brewster,* 114 *Ga.* 176 (39 S. E. 850), or with other authorities cited for the defendant.

5. Under the rulings in paragraph 2 above, relating to the alleged agreement for rescission, there was no merit in grounds 8, 9,

and 10, complaining of a failure to charge, refusal of a requested charge, and a charge as given, and relating in each instance to such agreement.

6. The assignments of error do not call for a decision on whether in the event of a rescission the purchaser would be entitled to interest on the amount of such purchase-money as it might recover. Even if it is not entitled to recover interest as prayed, this would not defeat the action as a whole. See *Georgia Railroad & Banking Co.* v. *Smith,* 83 *Ga.* 626 (5) (10 S. E. 235) ; *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* 191 *Ga.* 821 (9) (14 S. E. 2d, 64). No insistence has been made in this court as to the propriety of the plaintiffs' prayer for a receiver; and in so far as any assignment of error may have raised this question, it is treated as abandoned.

7. For error in the charge to the jury, as indicated above, the judge erred in overruling the motion for a new trial. The judgment being reversed for this reason, no ruling is made as to the sufficiency of the evidence to support the verdict in favor of the defendant.

8. For the reasons stated in paragraph 2 above, the judgment on the cross-bill of exceptions must be reversed in part.

*Judgment reversed on the main bill of exceptions; reversed in part on the cross-bill. All the Justices concur.*