23449.  FINCH v. McALONEY.

DUCKWORTH, Chief Justice. This case arises out of the following facts: (1) the appellant executed to appellee a note secured by a deed to land; (2) thereafter, the appellee assigned said note and deed to the Citizens & Southern National Bank as security for a loan, and this transfer was duly recorded; (3) when she paid the bank, the collateral note and deed were reconveyed to her by the bank; and (4) there is an unpaid balance of $61,463.55 of the original loan to appellant. In the course of the transaction with the bank, appellee inadvertently executed a satisfaction of the note and loan deed which was printed on the deed, and when appellee delivered the re-conveyance by the bank to the clerk of the superior court for recording, the clerk, without the knowledge or consent of appellee, entered on the records the satisfaction of the loan deed. These alleged facts authorized the relief prayed for in appellee's petition, to wit: (1) injunction to prevent appellant from conveying the lands covered by the deed; (2) cancellation of the recorded satisfaction of the loan deed; (3) decree of a lien on the land to secure the indebtedness, and (4) a notice of lis pendens be filed and recorded; and it was not error to overrule the demurrers thereto. The petition alleges that the debt has not been paid and that there was no intention to destroy the deed, hence the appellant will not be prejudiced by the relief sought. *Code* §§ 37-201,

37-202, 37-212; *Allen v. Elder & Son,* 76 Ga. 674; *Werner v. Rawson,* 89 Ga. 619 (15 SE 813). There is no merit in the enumerated error complaining of the overruling of the defendant's demurrer.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 11, 1966—DECIDED MAY 26, 1966.

*Marvin G. Russell,* for appellant.
*Paul H. Anderson, Harold Sheats,* for appellee.