A96A0040. MINTON et al. v. RAYTHEON COMPANY.
(473 SE2d 177)

BIRDSONG, Presiding Judge.

Appellants/plaintiffs Robert J. Minton and Kathleen Minton appeal from the order and judgment entered in a declaratory judgment action suit. In 1987, appellee/defendant Raytheon Company loaned appellants $104,000 to aid them in the purchase of a home after appellant Robert J. Minton accepted employment with a Raytheon subsidiary and relocated to Chicago. The loan was secured by a promissory note and by an instrument captioned "MORTGAGE" on a

home which appellants own in Atlanta; the note was executed on October 10, 1987; and the mortgage was executed on October 16, 1987, and recorded on January 21, 1988. Appellants did not satisfy the note and mortgage, and appellee elected not to commence any action to foreclose on the subject property. Subsequently, appellants brought suit for declaratory judgment seeking to clear title to the property, although no other legal action currently was pending against the property. Appellants averred inter alia that as neither the note nor the mortgage was under seal, the applicable statute of limitation had expired and the instruments were no longer legally enforceable, and, because appellee continued to assert that the property was subject to an enforceable mortgage, a cloud on title wrongfully existed. Appellee asserted that the mortgage was in fact an enforceable deed to secure debt and therefore appellants were not entitled to declaratory judgment.

Appellants moved for summary judgment. Appellee conceded that the statute of limitation had run on the promissory note. The trial court subsequently granted partial summary judgment to appellants as to appellee's claim based on the promissory note but denied appellants summary judgment "as to any interest in the property held by or debt owed to [appellee/]defendant."

Thereafter, the trial court entered an order and judgment which held inter alia that the enforcement of the promissory note, including appellee/defendant's counterclaim thereon, is barred by the applicable statute of limitation; appellee's claims for conversion, money had and received, and unjust enrichment are barred by the applicable statutes of limitation; and the enforcement of the mortgage instrument covering the property therein described and securing the promissory note is not barred by any applicable statute of limitation.

Appellants enumerate that the trial court erred in denying their motion for summary judgment as to enforcement of the mortgage on their property, and erred in declaring that the mortgage was not barred by the applicable statute of limitation and in declining to enter declaratory judgment in favor of appellants as to this issue. Appellee asserts that, although the promissory note cannot be enforced because of the expiration of the applicable six-year statute of limitation, as the mortgage instrument in fact is a deed to secure debt, it has 20 years (OCGA §§ 44-14-80, 44-14-83) to foreclose thereon. *Held*:

The trial court did not err as enumerated by appellants; although the promissory note cannot be enforced because of expiration of the applicable statute of limitation, the so-called mortgage instrument in fact is a deed to secure debt and appellee has 20 years to foreclose thereon pursuant to OCGA §§ 44-14-80, 44-14-83.

The instrument at issue provides its purpose is to "sell and con-

vey" the property to Raytheon Company "with all rights and appurtenances to said property belonging; to have and to hold . . . forever." It further indicates that it is a "conveyance . . . made to secure the payment of [the] debt." In the construction of inconsistent clauses, if any, in a deed "the intention of the parties should, if possible, be ascertained from the whole instrument and carried into effect." OCGA § 44-5-34. Although the instrument contains a clause therein which might be construed as a defeasance clause, examining the instrument in its totality, it is apparent that the true intent of the parties was that the instrument constitute a deed to secure debt and not a mere mortgage. Compare *Hill v. Smith*, 163 Ga. 71 (135 SE 423) with *Burckhalter v. Planters Loan &c. Bank*, 100 Ga. 428 (28 SE 236); *Camp v. Teal*, 44 Ga. App. 829 (163 SE 233); and Ga. Real Estate Law (4th ed.), §§ 20-1, 20-3, 20-3 n. 7, 20-14, 21-4 and 21-38. Moreover, the instrument was properly recorded. By the unambiguous language of the instrument, title to the land to the extent of its interest was conveyed to Raytheon Company where it remains, and the trial court correctly denied the Mintons' motion for summary judgment. Although the lender is foreclosed from collecting on the underlying promissory note due to the expiration of the statute of limitation, it retains its rights pursuant to its ownership interest under the deed to secure debt on the subject property.

*Judgment affirmed. Blackburn, J., concurs. Beasley, C. J., concurs and concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur in the opinion but wish to point out why we have exercised jurisdiction in this case.

The Supreme Court has exclusive jurisdiction over "Cases involving title to land." Ga. Const. 1983, Art. VI, Sec. VI, Par. III (1). Assuring our own jurisdiction is always a threshold duty. *Cole v. Cole*, 205 Ga. App. 332 (1) (422 SE2d 230) (1992). As the Supreme Court pointed out in focusing on its own jurisdiction in *Graham v. Tallent*, 235 Ga. 47, 48 (218 SE2d 799) (1975), "[D]eciding cases on their merits simply because they are docketed in this court, and without regard to the division of jurisdiction as between this court and the Court of Appeals, constitutes a disservice to litigants, lawyers and appellate judges in future cases. A decision of this case on its merits would stand as a physical precedent that this court had jurisdiction, when under our Constitution it does not."

The primary question in the case is whether the document under the spotlight is a mortgage or a deed to secure debt. The Supreme Court has fairly narrowly construed the constitutional designation of its jurisdiction over "all cases respecting title to land." In *Graham*, supra at 49, it surveyed the historical development of the Court's

construction and application of this category. It accepted the definition: " 'actions at law, such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant for the purpose of recovering the land.' " According to our current Constitution, which was adopted after *Graham*, the wording is now "Cases involving title to land." It would not seem that the word changes reflect an intention to change meaning. We impliedly detected none, when we decided *Cole v. Cole*, supra. See generally *Thompson v. Talmadge*, 201 Ga. 867, 885 (41 SE2d 883) (1947).

I have found no discussion of this wording in the Transcripts of Meetings of the Select Committee on Constitutional Revision, State of Georgia, 1977-1981. The Constitution does retain the wording "Cases respecting titles to land" in the provision on venue and "cases respecting title to land" in the provision on jurisdiction of superior courts. Ga. Const. 1983, Art. VI, Sec. II, Par. II and Art. VI, Sec. IV, Par. I.

Applying the Supreme Court's definition to the Mintons' action, one must conclude that it does not involve title to land as a matter of law. It seeks a judicial declaration that the note and "mortgage" are barred by the statute of limitation and that the latter does not encumber and is not enforceable against the Mintons nor the property. It is not an action of ejectment or a statutory substitute, and it does not seek recovery of the land. Thus, this Court has jurisdiction of the case.

DECIDED JUNE 18, 1996 —
RECONSIDERATION DENIED JULY 5, 1996 —

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney*, for appellants.

*Doffermyre, Shields, Canfield & Knowles, Everette Doffermyre, Jr., Robert H. Brown III*, for appellee.