S97A0728, S97X0823. DECATUR FEDERAL SAVINGS & LOAN ASSOCIATION v. GIBSON et al.; and vice versa.

(489 SE2d 820)

THOMPSON, Justice.

In May 1989, defendants John W. and Paula Taggart Gibson borrowed $129,000 from plaintiff Decatur Federal to purchase a home. They executed a promissory note in favor of Decatur Federal as well as a security deed to the property. First Union is successor to the interest of Decatur Federal (hereafter "First Union"). In September 1994, First Union erroneously marked the note "paid in full" and returned the original to the Gibsons. It is undisputed that the Gibsons had not paid the outstanding balance and were not entitled to cancellation. Nevertheless, they made no further payments on the debt and have repeatedly demanded cancellation of the security deed.

First Union filed a complaint for declaratory judgment and equitable action to reform the note to reflect that the underlying debt has not been paid. The Gibsons counterclaimed for damages and attorney fees based on allegations that First Union maliciously refused to cancel the deed to secure debt and maliciously reported false information to its credit reporting agencies.[1] First Union filed a motion for summary judgment as to the main claim, which was denied. A certificate of immediate review issued. This Court granted First Union's application for interlocutory review to determine whether the motion for summary judgment was properly denied (Case No. S97A0728). The Gibsons have filed a cross-appeal from the lower court's order granting First Union's motion requiring the Gibsons to pay the mortgage payments into the registry of the court as they become due (Case No. S97X0823).

Finding "that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law," *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), we reverse the judgment of the trial court in Case No. S97A0728. The cross-appeal being without merit, we affirm the trial court's order granting plaintiff's motion to tender in Case No. S97X0823.

## Case No. S97A0728

1. In denying summary judgment, the trial court improperly analyzed First Union's complaint as an action for money had and received under OCGA § 13-1-13. That Code section provides that a payment made through ignorance of law and in the absence of fraud is deemed voluntary and, as a general rule, is not recoverable. See generally *Atlanta Independent School System v. Lane*, 266 Ga. 657, 660 (469 SE2d 22) (1996). Such an action has been described as follows: " 'An action for money had and received lies in all cases where another has received money which the plaintiff, ex aequo et bono, is entitled to recover and which the defendant is not entitled in good conscience to retain.' " *M. L. King, Jr. Center v. American Heritage Products*, 250 Ga. 135, 150 (296 SE2d 697) (1982) (Weltner, J., concurring specially). First Union's complaint is not properly characterized as an action for money had and received under the foregoing definition because the Gibsons received no money. It follows that the Gibsons' reliance on *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400 (349 SE2d 368) (1986) is misplaced. Instead, we view First Union's com-

---

[1] The Gibsons claim that First Union promised to forebear foreclosure until the dispute was resolved, but then advised its credit reporting agencies that the note was past due and failed to correct the Gibsons' credit report despite assurances that it would do so.

plaint as an equitable action to reform the note. Marking the note "paid in full" and returning it to the Gibsons canceled the underlying debt only if an examination of all the circumstances reveals that was the parties' intent. *Rossville Federal Savings &c. Assn. v. Chase Manhattan Bank*, 223 Ga. 188, 190 (3) (154 SE2d 243) (1967). The Gibsons acknowledge that the debt had not been extinguished, and it is undisputed that First Union did not intend to cancel the note but mistakenly marked it "paid in full."

"[A] cancellation obtained by fraud or mistake without payment may itself be canceled by a court of equity. [Cits.]" *Lanning v. Sockwell*, 137 Ga. App. 479, 483 (2) (224 SE2d 119) (1976) (citing *Young v. Hirsch*, 187 Ga. 1 (199 SE 179) (1938)). And a mistake of fact by First Union's agent, even if negligent, can be relieved in equity if the Gibsons will not be prejudiced. *Finch v. McAloney*, 222 Ga. 174 (149 SE2d 100) (1966). We determined in *Finch* that there was no prejudice in granting equitable relief to a lender where the note mistakenly had been marked satisfied although the debt still existed. Likewise, in the present case there is no dispute that the note was canceled by mistake and that the Gibsons had not satisfied the debt. First Union was therefore entitled to judgment as a matter of law as to its equitable action to reform the note.

2. Moreover, the security deed stands alone so long as the underlying debt remains, and First Union is not obligated to satisfy it until the debt is paid regardless of the note's enforceability. OCGA § 44-14-43. See *Brinson v. McMillan*, 263 Ga. 802, 803 (2) (440 SE2d 22) (1994) (even if action to collect debt were barred by statute, rights under the security deed were still exercisable); *Minton v. Raytheon Co.*, 222 Ga. App. 85 (473 SE2d 177) (1996) (lender foreclosed from collecting on underlying note retains its rights pursuant to its ownership interests under the security deed). Thus, the Gibsons were not entitled to satisfaction of the security deed.

### Case No. S97X0823

3. First Union filed its notice of appeal on December 2, 1996. The trial court's order granting First Union's motion to require the Gibsons to tender was entered on January 10, 1997, nunc pro tunc to December 18, 1996. The Gibsons' cross-appeal is predicated on the assertion that the notice of appeal operated as a supersedeas depriving the trial court of the authority to enter its subsequent order granting the motion to tender.

"Where an interlocutory appeal is certified for review in the appellate court, the trial court retains jurisdiction with discretionary power to proceed with the trial or enter any other order in the case pending the appeal. [Cits.]" *Turner v. Harper*, 233 Ga. 483, 484 (211

SE2d 742) (1975). See also *Craft's Ocean Court v. Coast House Ltd.*, 255 Ga. 336, 338 (338 SE2d 277) (1986) (trial court clearly had authority to issue interlocutory orders while an appeal was ongoing). Accordingly, the notice of appeal did not supersede the trial court's authority to enter its order under OCGA § 5-6-46.

*Judgment affirmed in Case No. S97X0823 and reversed in Case No. S97A0728. Benham, C. J., Fletcher, P. J., Sears, Hunstein, Thompson, Hines, JJ., and Judge E. Purnell Davis II concur. Carley, J., disqualified.*

DECIDED SEPTEMBER 15, 1997.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Peter L. Lublin, Scott H. Michalove,* for appellant.

*Caldwell & Watson, Harmon W. Caldwell, Jr., Wade H. Watson III, Randall S. Berryman,* for appellees.