A01A1508. TAYLOR v. POWERTEL, INC.
(551 SE2d 765)

ELDRIDGE, Judge.

Bruce Taylor, a Savannah, Chatham County, Georgia, subscriber, sued his digital phone service provider, Powertel, Inc., a corporation principally based in Jacksonville, Duval County, Florida, for conversion for the inclusion of amounts attributable to taxes from Jacksonville, Duval County, on his monthly cellular phone bill. The trial court granted summary judgment as to his claim for punitive damages and tried his claim for conversion before a jury. At the close of plaintiff's case, Powertel moved for a directed verdict for the claim of conversion, which the trial court granted. Plaintiff appeals these rulings of the trial court. We affirm, because this action should have been an action for money had and received and not for the conversion of money for the following reasons.

In October 1997, plaintiff contracted with Powertel for cellular phone service in Chatham County, Georgia. On receipt of his first bill, plaintiff saw what he believed to be excess taxes included within the total service bill. Plaintiff immediately complained to Powertel's customer service, demanding an explanation of these taxes and an adjustment of his account. The Powertel customer service representative told the plaintiff that the "[t]axes are what they are" and that he would have to pay the taxes as part of the total bill. Plaintiff paid the first bill, but the second bill contained similar high taxes. Therefore, plaintiff called again and was told that he must pay such charges as part of the bill. After receiving four bills with the high tax charges and receiving the same response from Powertel, plaintiff terminated the cellular phone service. In November 1998, Powertel reimbursed plaintiff the amount of the total bill that he paid for the taxes of $215.79 on his four phone bills, but he refused to accept the amount.

1. Plaintiff contends that the trial court erred in granting summary judgment as to his claim for punitive damages. We do not agree.

(a) Punitive damages under OCGA §§ 51-12-5.1 and 13-6-10 are not recoverable for breach of contract actions. *Trust Co. Bank v. C & S Trust Co.*, 260 Ga. 124, 126 (1) (390 SE2d 589) (1990); *Bennett v. Assoc. Food Stores*, 118 Ga. App. 711, 716 (2) (165 SE2d 581) (1968). However, if the breach of contract would also constitute a breach of a public duty as an intentional tort or such entire want of

care which would raise the presumption of conscious indifference to consequences, then punitive damages may be recovered as tort, not contract, damages. *Walton Elec. Membership Corp. v. Snyder*, 270 Ga. 62, 63-64 (2) (508 SE2d 167) (1998); *Wynn v. Arias*, 242 Ga. App. 712, 718 (4) (531 SE2d 126) (2000); see also *Buckley v. Turner Heritage Homes*, 248 Ga. App. 793, 796 (4) (547 SE2d 373) (2001).

(b) Actions for trover or for conversion are intentional torts and as such come within OCGA § 51-12-5.1 (b). See *Grant v. Newsome*, 201 Ga. App. 710 (1) (411 SE2d 796) (1991); *Sisk v. Carney*, 121 Ga. App. 560, 564 (5) (174 SE2d 456) (1970). Therefore, punitive damages are recoverable where such torts can be proven and the statutory requirements have been satisfied for such damages. OCGA § 51-12-5.1.

(c) Defendant's evidence showed that through computer error all Powertel customers were charged for such Duval County taxes; that all taxes collected were paid to the respective governmental entities; and that Powertel attempted to reimburse the plaintiff, but plaintiff refused the check for $215.79. Plaintiff's only evidence as to culpable conduct was that other Powertel customers were similarly erroneously charged the taxes and that there was a delay of several months in making such reimbursement; such rebuttal evidence failed to show that at trial there could be proof to authorize such damages by clear and convincing evidence that the defendant's conduct was wilful, malicious, fraudulent, wanton, oppressive, or evidenced that want of care which could be presumed to be consciously indifferent to the consequences. *McDaniel v. Elliott*, 269 Ga. 262, 263 (1) (497 SE2d 786) (1998); *Bartja v. Nat. Union Fire Ins. Co. &c.*, 218 Ga. App. 815, 818 (4) (463 SE2d 358) (1995). For punitive damages to be recoverable as damages, there must exist some evidence of culpable tortious conduct, and such culpable conduct must be of such nature to justify the imposition of punitive damages to penalize, punish, or deter such conduct. *Unified Svcs. v. Home Ins. Co.*, 218 Ga. App. 85, 87-89 (4) (460 SE2d 545) (1995). The culpable conduct must be more than negligence, even gross negligence. *Coker v. Cutler*, 208 Ga. App. 651, 652 (431 SE2d 443) (1993). In this case, plaintiff failed to come forward with some evidence that would indicate that at trial he could meet the intermediate standard of proof by clear and convincing evidence, creating a jury issue, because defendant, in support of its motion, demonstrated the complete absence of evidence of such culpability in the record. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In reviewing the grant of summary judgment on punitive damages, this Court must first determine if there existed any facts creating a jury question as to the culpable nature of the tortious conduct for the imposition of punitive damages. Second, this Court must

determine whether the evidence in the record on the motion indicates that at trial there could be presented evidence to satisfy the intermediate standard of proof by clear and convincing evidence. "[I]t is our appellate responsibility to determine whether there is any evidence to support the [trial court's determination that the evidence of aggravated conduct failed to be] clear and convincing. In this regard, it remains the rule that something more than the mere commission of a tort is always required for punitive damages." (Citations and punctuation omitted.) *Kodadek v. Lieberman*, 247 Ga. App. 606, 610 (2) (545 SE2d 25) (2001). As in this case, where the record indicates that at trial, the plaintiff would not be able to establish by clear and convincing evidence culpable tortious conduct, authorizing the imposition of punitive damages, summary judgment was appropriate on such issue of damages. Id.; see also OCGA § 51-12-5.1; *Uniroyal Goodrich Tire Co. v. Ford*, 218 Ga. App. 248, 255 (3), n. 2 (461 SE2d 877) (1995), aff'd in part and rev'd in part, *Ford v. Uniroyal Goodrich Tire Co.*, 267 Ga. 226 (476 SE2d 565) (1996).

2. Plaintiff contends that the trial court erred in directing a verdict on his claim for conversion. We do not agree. "To make out a prima facie case, in an action for damages for conversion of personal property, the plaintiff must show title to the property, possession by the defendant, demand for possession, and refusal to surrender the property, or an actual conversion prior to the filing of the suit." *Atlantic Coast Line R. Co. v. McRee*, 12 Ga. App. 137 (76 SE 1057) (1913). Any distinct act of dominion and control wrongfully asserted over another's personal property, in denial of his right or inconsistent with his right, is a conversion of such property. *Lovinger v. Hix Green Buick Co.*, 110 Ga. App. 698, 699 (1) (140 SE2d 83) (1964). However, when someone comes into lawful possession of personal property, in the absence of a demand for its return and a refusal to return the personal property, there is no conversion. *McDaniel v. White*, 140 Ga. App. 118, 119 (2) (230 SE2d 500) (1976). Since an action for conversion is a suit for money damages for the personal property converted, then such suit constitutes the election of money damages rather than recovery of the personal property in a trover action. OCGA §§ 44-12-151; 44-12-152; 51-10-1; *Livingston v. Epsten-Roberts Co.*, 50 Ga. App. 25, 27-29 (1) (177 SE 79) (1934). "The statutory trover action in Georgia embraces the common law actions of trover, detinue, and replevin. In all of these, right of immediate possession means a right to possession existing at the time the suit is instituted." *Jones v. Brown*, 108 Ga. App. 776, 780 (2) (134 SE2d 440) (1963). However, the plaintiff has failed to prove that he had the immediate right of possession of specific property, a sum certain in a specific and identifiable sum of money.

Tangible personalty or specific intangible property may be the

subject for an action for conversion, but as fungible intangible personal property, money, generally, is not subject to a civil action for trover with an election for damages for its conversion. See generally *Jennette v. Nat. Community Dev. Svcs.*, 239 Ga. App. 221, 225 (4) (520 SE2d 231) (1999); *William Goldberg & Co. v. Cohen*, 219 Ga. App. 628, 639-641 (7) (466 SE2d 872) (1995); *Jones v. Turner Broadcasting System*, 193 Ga. App. 768, 769 (389 SE2d 9) (1989).

While money constitutes personal property, money is intangible personalty that is fungible, because it belongs to a class of property which cannot be differentiated by specific identification unless there has been created a specific fund that has been set aside from other money.[1] Thus, there can be no conversion action for money damages for money, because generally, money is not subject to a civil action for conversion. *Branch v. Alliance Syndicate*, 220 Ga. App. 561, 564 (2) (469 SE2d 807) (1996). There exists an exception for the conversion of money; such money must comprise a specific, separate, identifiable fund to support an action for conversion. See *Grant v. Newsome*, 201 Ga. App. 710 (1) (411 SE2d 796) (1991); *Carter v. Hornsby*, 68 Ga. App. 424, 427-428 (23 SE2d 95) (1942). "[A]n action for conversion will not lie for the recovery of money[; however, there exists an] exception to the general rule, that is, where the allegedly converted money is specific and identifiable such as insurance premiums earmarked for remittance to the insured. *Unified Svcs. v. Home Ins. Co.*, [supra at 89 (4) (c)]." *Branch*, supra at 564.

In this case, the plaintiff has failed to show that the portion of the total telephone bill specifically attributable to taxes comes within this exception and that these sums constituted an identifiable fund belonging to him to which he had an immediate right of possession. *Branch*, supra. Therefore, plaintiff has failed to show that his claim for reimbursement of money paid for taxes as part of his monthly bill is the kind of personalty that he could sue for the loss of in an action for conversion and that he has a right of possession in specific money. Id. In short, plaintiff should have sued for money had and received as money owed to him, not conversion of a specific fund of money to which he had an immediate right of possession.

Under the common law doctrine of money had and received, recovery is authorized against one who holds unspecified sums of money of another which he ought in equity and good conscience to refund. OCGA § 23-2-32 (b); *Decatur Fed. Sav. &c. Assn. v. Gibson*, 268 Ga. 362, 363 (1) (489 SE2d 820) (1997); *Gulf Life Ins. Co. v. Fol-*

---

[1] *Reis v. Ralls*, 250 Ga. 721, 723 (1) (301 SE2d 40) (1983) (OCGA § 11-9-106, UCC security interest in intangibles, i.e., money); *Tax Assessors of Gordon County v. Chitwood*, 235 Ga. 147, 152 (218 SE2d 759) (1975) (classes of property for taxation, intangibles. Ga. Const. of 1983, Art. VII, Sec. I, Par. III (b) (1)).

*som,* 256 Ga. 400, 402 (349 SE2d 368) (1986); *Wyatt v. Hertz Claim Mgmt. Corp.,* 236 Ga. App. 292-293 (1) (511 SE2d 630) (1999); *Intl. Indem. Co. v. Bakco Acceptance,* 172 Ga. App. 28, 32 (2) (322 SE2d 78) (1984); *Barton & Ludwig, Inc. v. Thompson,* 170 Ga. App. 187, 188 (316 SE2d 786) (1984). Such action is a legal action based upon equitable principles for implied assumpsit as a substitute for suit in equity. *J. C. Penney Co. v. West,* 140 Ga. App. 110, 111-112 (2) (230 SE2d 66) (1976); *C & S Nat. Bank v. Youngblood,* 135 Ga. App. 638, 639 (219 SE2d 172) (1975); *James Talcott, Inc. v. Roy D. Warren Commercial,* 120 Ga. App. 544, 545-546 (1) (171 SE2d 907) (1969). An action for money had and received sounds in assumpsit and grows out of privity of contract, express or implied; but absent an actual contractual relationship, the law will imply a quasi contractual relationship to support the action. *Fain v. Neal,* 97 Ga. App. 497, 498-499 (103 SE2d 437) (1958); *Stein Steel &c. Co. v. K & L Enterprises,* 97 Ga. App. 71, 73 (102 SE2d 99) (1958). The elements of such action are: a person has received money of the other that in equity and good conscious he should not be permitted to keep; demand for repayment has been made; and the demand was refused. See *Fain v. Neal,* supra at 497-499.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur. Andrews, P. J., disqualified.*

DECIDED JULY 2, 2001.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Robert B. Turner, C. Dorian Britt,* for appellant.

*Arnall, Golden & Gregory, Scott E. Taylor, Aaron M. Danzig,* for appellee.