[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11810
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00443-CC

GINA McCLAIN,

                                                        Plaintiff-Appellant,

versus

BANK OF AMERICA, N.A.,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 4, 2016)

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Gina McClain appeals the final order of the district court granting a motion for summary judgment in favor of Bank of America, N.A. (BANA). In her amended complaint, McClain alleged fraud, tortious conversion, and two counts of trespass in connection with the foreclosure of her home. After thorough consideration of the briefs and review of the record, we affirm summary judgment with respect to McClain's tortious conversion and trespass claims, but reverse the finding of summary judgment as to McClain's fraud claim.

## I.    BACKGROUND

On September 23, 2003, McClain obtained a mortgage loan from BANA for $141,300, secured by her home (the Property). McClain executed a note and security deed (the Security Deed) in favor of BANA, conveying to BANA the power of sale of the Property.

McClain made her last regular mortgage payment in July 2006 and has not made any payments since, causing her loan to be in default. Foreclosure was initiated on the Property around October 2006. The Property has since undergone two foreclosure sales that were later rescinded, one on which occurred on September 4, 2007. During this period, McClain was evicted from her home. Notably, BANA failed to present any evidence of why the 2007 foreclosure was rescinded, or, most importantly for purposes of this case, when the rescission took place. From 2007 to 2010, BANA represented on multiple occasions that it had

2

foreclosed on the Property, including: communications made in 2007 to McClain and her real estate agent; a report to the credit bureau that BANA had foreclosed on the Property; a 1099 Form filed with the Internal Revenue Service; BANA's collection of over $38,000 from a private mortgage insurer as a loss incurred by BANA from its acquisition of the Property; 2008 and 2009 communications with McClain that BANA later told her to disregard; and several 2010 communications with McClain (after she received violation notices from the city about the Property's unkempt condition) in which BANA informed McClain that it owned the Property and not to concern herself as BANA would remedy the violation.  In late 2010, McClain made a property insurance claim to complete repairs on the Property.  Insurance proceeds were paid directly to BANA, who refused to release such proceeds to McClain when asked.

As of the date of this appeal, the Property has not been sold pursuant to the latest foreclosure activity, and McClain owns the Property.

## II.    STANDARD OF REVIEW

"We review a district court's grant of summary judgment de novo, viewing all of the facts in the record in the light most favorable to the non-movant." *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1249 (11th Cir. 2015) (internal quotation marks omitted).  Where "there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a).

### III.    DISCUSSION

*1. Fraud*

McClain alleges that BANA fraudulently represented its ownership of the Property and, accordingly, did not have the authority to evict McClain from her home. We find there is sufficient evidence in the record for McClain's fraud claim to survive BANA's motion for summary judgment. As recounted above, there is an issue of material fact as to whether BANA made false representations to McClain regarding the status of the Property and the foreclosure proceedings. Although the representations made to McClain and her real estate agent in 2007 could have been true given that the Property was admittedly sold through public foreclosure on September 4, 2007, at some unknown point in time the 2007 foreclosure was rescinded. Yet BANA continued to represent the veracity of the 2007 foreclosure up until late 2010.[1] Moreover, the magistrate judge's conclusion that McClain failed to present any evidence that BANA knew its representation

---

[1] BANA also argued McClain could not establish a fiduciary or confidential relationship between herself and BANA such that BANA had a duty to update or disclose its voluntary rescission of the 2007 foreclosure. The relevance of this argument, likewise, depends on the timing of BANA's rescission and also ignores the ongoing nature of the representations made by BANA regarding the Property.

4

was false was dependent on his previous finding that BANA had not made any false representations.

With respect to damages, McClain argues that BANA's continuous representations that it successfully foreclosed on the Property caused her, among other harms, to lose the use of her home for three years.[2] We do not yet know how much of this time actually falls under the post-rescission period, when BANA's representations of ownership may be found to be fraudulent, and McClain's damages would be limited accordingly.

*2. Tortious Conversion*

McClain alleges tortious conversion of insurance proceeds by BANA in the amount of $7,000. In order to make out a prima facie case for conversion of personal property, "the plaintiff must show title to the property, possession by the defendant, demand for possession, and refusal to surrender the property." *Taylor v. Powertel, Inc.*, 551 S.E.2d 765, 769 (Ga. Ct. App. 2001) (internal quotation marks omitted).

Although we find sufficient alleged facts and arguments in the record to support McClain's claim under the second, third, and fourth prongs of her tortious

---

[2] We are not convinced by BANA's argument that McClain's damages, if any, were caused by her admitted default on the loan. The caselaw cited in support is distinguishable and does not stand for the broad proposition that McClain's default grants BANA a free pass to make false representations at any point in time. *See Heritage Creek Dev. Corp. v. Colonial Bank*, 601 S.E.2d 842, 845 (Ga. Ct. App. 2004) (technical default in a foreclosure advertisement); *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1253 (11th Cir. 2015) (notice of foreclosure sale that wrongly identified the entity with full authority to modify the loan).

interference claim when viewed through the lens most favorable to McClain, she has failed to meet the first prong of demonstrating title to the insurance proceeds.

McClain could establish title to the money by demonstrating that the insurance proceeds were earmarked for her. *See In re Hercules Auto. Prod., Inc.*, 245 B.R. 903, 912 (Bankr. M.D. Ga. 1999) (stating that a showing of earmarking proceeds establishes plaintiff has title to the allegedly converted property). Under the Security Deed, there is a question as to whether the contract provides clear earmarking of insurance of proceeds in favor of McClain. And McClain fails to make any non-conclusory argument that she is entitled to the proceeds under the terms of the contract. While the magistrate judge invited McClain to make an argument showing she falls under the *Hercules* exception, McClain instead simply indicated in a footnote of her brief to this court that she "agrees with the conclusion" promulgated in *Hercules*. This is insufficient to show that the Security Deed language indicates earmarked proceeds are intended for her. Though it is true, as McClain argues, that BANA was required to promptly inspect the Property before issuing the proceeds, she fails to make a clear argument that BANA is contractually obligated to pay the proceeds directly to her as opposed to paying by some other means that would be applied directly to repairs.

Because we see no genuine issue of material fact to save the deficiency in demonstrating title, we affirm the district court's grant of summary judgment to BANA on this issue.

*3. Trespass*

Neither party disputes the fact that at the time of BANA's entrances onto the Property to make repairs, McClain was in monetary default under the mortgage. The Security Deed grants BANA wide latitude in protecting its security interest in the Property in the event of default.  If McClain

> fails to perform the covenants and agreement contained in this Security [Deed] . . . then [BANA] may do and pay for whatever is reasonable or appropriate to protect [BANA]'s interest in the Property and rights under the Security [Deed], including protecting and/or assessing the value of the Property, and securing and/or repairing the Property.

Security Deed ¶ 9.  McClain's failure to make mortgage payments, arguably her most significant obligation under the Security Deed, triggers BANA's ability to enter the Property and protect its security interest by all reasonable and appropriate means necessary.  Permitted actions include "making repairs," which presumably involves entrance onto the Property.[3]  *See Tacon v. Equity One, Inc.*, 633 S.E.2d

---

[3] McClain claims Paragraph 7 of the Security Deed requiring BANA to provide notice in order to inspect the Property governs even when McClain is in monetary default under the agreement. However, she fails to make any argument addressing how this term defeats BANA's right to "do . . . whatever is reasonable" to protect its security interest triggered by McClain's own monetary default.  Moreover, the breach of covenant trigger language in Paragraph 9 suggests that this section would govern over any other general language in the contract regarding BANA's rights with respect to the Property.  Combined with the fact that this broad language is designed to

7

599, 604 (Ga. Ct. App. 2006) (recognizing that, under Georgia law, "[t]he common law right to the exclusive use and possession of property may be modified by agreement, in which the landowner grants permission to enter his property under certain circumstances").  Therefore, BANA did not violate McClain's common law property rights in exercising its contractual rights, and no action for trespass may lie on the facts.  *See id.*

We find no genuine issue of material fact to save either of McClain's trespass claims.  McClain's legal arguments also fail as a matter of law.  Therefore, the district court properly granted BANA summary judgment on both counts.

## IV.  CONCLUSION

We hold there are no genuine issues of material fact with respect to McClain's tortious conversion and trespass claims, and find that BANA is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  We reverse the grant of summary judgment on McClain's fraud claim because we find there is a genuine issue of material fact as to whether BANA made false representations to McClain regarding the status of the Property and the foreclosure proceedings.  Accordingly, we affirm in part, and reverse in part.

---

allow BANA to protect its only secured remedy to default (the Property), McClain's claim that Paragraph 7 governs over BANA's rights under Paragraph 9 is not persuasive.

8